IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VICTORIO C. RIVERA, | ) | 4:07CV3180 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MEDICO GROUP, (Medico | ) | |
| Insurance Co. and Medico Life | ) | |
| Insurance Company), STATE OF | ) | |
| OREGON, DR. ANGUS WEBBER, | ) | |
| LESTER STRINGER, VIOLA | ) | |
| STRINGER, DAVID WILSON, | ) | |
| SHERILL WILSON, TONY | ) | |
| WHISMAN, STEPHENIE L. | ) | |
| WHISMAN, GARY R. TESCH, and | ) | |
| JUDGE DON A. DICKEY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is pending before the court on 13 separate motions filed by the parties. Plaintiff Victorio C. Rivera filed a motion for seizure of property (filing no. 5), three motions for more definite statement (filing nos. 22, 24, and 34), a motion for status (filing no. 31), and a motion for alternate service (filing no. 37, part 2). Defendants Don Dickey, State of Oregon, Medico Group, Stephenie L. Whisman, Tony Whisman, Lester Stringer, Viola Stringer, and Angus Webber ("Defendants") have all filed motions to dismiss. (Filing Nos. 7, 14, 23, 25, and 28.) Additionally, Defendant Medico Group filed a motion to overrule Plaintiff's motion for a more definite statement (filing no. 27) and Defendant Angus Webber filed a motion to extend. (Filing No. 29.)

### I.     Plaintiff's Motion for Seizure of Property.

Plaintiff filed a motion for seizure of property pursuant to Federal Rule of Civil Procedure 4(n). Plaintiff apparently seeks to have this court seize property which he previously sold to one of the Defendants in this matter, Gary Tesch. (*See* Filing No. 5 at Ex. 1.) The court has no authority to grant Plaintiff's request.

Plaintiff failed to set forth which statutory provision permits the court to "assert jurisdiction" over the property, as required by Federal Rule of Civil Procedure 4(n)(1). In addition, Plaintiff has not made the required showing that "personal jurisdiction" over Mr. Tesch cannot be "obtained with reasonable efforts by service of summons" or that Mr. Tesch's property which Plaintiff seeks this court to seize is located in this district. *See* Fed. R. Civ. Pro. 4(n)(2). In light of these failures, Plaintiff's motion for seizure of property (filing no. 5) must be denied. Rather, Plaintiff is encouraged to continue his attempts at proper service of process for Mr. Tesch pursuant to Federal Rule of Civil Procedure 4.

### II.    Plaintiff's Motions for More Definite Statement, Motion for Status and Defendant's Motion to Overrule.

In accordance with Federal Rule of Civil Procedure 12(a-b), Defendants each filed a timely motion to dismiss in response to Plaintiff's complaint. (Filing Nos. 7, 14, 23, 25, and 28.) Defendants Stephenie Whisman and Tony Whisman styled their motion to dismiss as a motion to join in State of Oregon's motion to dismiss. (Filing No. 23.) The court grants the Whisman's motion and will treat filing nos. 7 and 23 accordingly.

Pursuant to the local rules of this court, Plaintiff had 20 days in which to file a "paginated brief which concisely states the reasons for opposing the motion." NECivR 7.1(b)(A-B). Rather than opposing the motions to dismiss, Plaintiff filed

three separate motions for more definite statement. (Filing Nos. 22, 24, and 34.) However, a motion for more definite statement is appropriate in instances where a "pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. Pro. 12(e). The court finds that Defendants' motions to dismiss, along with supporting briefs, are not vague or ambiguous. Plaintiff's motions for more definite statement are therefore denied.

On the court's own motion, Plaintiff shall have 20 days from the date of this memorandum and order in which to file a brief opposing Defendants' motions to dismiss, in accordance with the court's local rules. The motions to dismiss are taken under advisement pending Plaintiff's response. If no opposing brief is filed, the court will rule on Defendants' motions to dismiss without further notice. The court grants Defendant Angus Webber's motion to extend and accepts the affidavit of Angus Webber (filing no. 35) for filing. In addition, Defendant Medico Group's motion to overrule (filing no. 27) is granted and Plaintiff's motion for status (filing no. 31) is denied as moot.

### III. Plaintiff's Motion for Alternate Service.

Plaintiff asserts in his motion for alternate service that Defendants David and Sherrill Wilson have not yet been served and Plaintiff requests permission from the court to leave the complaint and summons on the door of the Wilson's residence. (Filing No. 37, part 2.) However, Federal Rule of Civil Procedure 4 does not deem leaving the complaint and summons on the door of a residence as proper service. *See* Fed. R. Civ. Pro. 4; *see also Marshall v. Warwick*, 155 F.3d 1027, 1032 (8th Cir. 1998) (discussing substantial compliance with service of process statute and emphasizing that "service of process means more than the actual delivery of a copy of the summons or complaint") In addition, the court is concerned that the Wilson's are either not living in the residence or are away from the residence for an extended period of time. (*See* Filing No. 37, part 2 at 3.)

Plaintiff has 120 days from the date of the complaint, or until November 10, 2007, in which to effect service of process on Defendants David and Sherrill Wilson. At this time, the court will not permit Plaintiff to simply leave a copy of the complaint and summons on the residence door. Plaintiff is encouraged to continue his service attempts in accordance with Federal Rule of Civil Procedure 4. In the event the Plaintiff is unable to serve the Wilsons with process by November 10, 2007, Plaintiff may seek additional time from the court in which to do so.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for seizure of property (filing no. 5) is denied. Plaintiff's motion for alternate service (filing no 37, part 2) is denied.

2. Plaintiff's motions for more definite statement (filing nos. 22, 24, and 34) are denied. Plaintiff's motion for status (filing no. 31) is denied as moot.

3. Defendant Medico Group's motion to overrule motion for more definite statement (filing no. 27) is granted in accordance with this memorandum and order.

4. Defendant Angus Webber's motion to extend is granted and the Affidavit of Angus Webber (filing no. 35) is deemed filed.

5. Plaintiff shall have 20 days from the date of this order, or until October 9, 2007, in which to file a brief opposing Defendants' motions to dismiss. In the absence of an opposing brief, the court will rule on Defendants' motions without further notice. Defendants' motions to dismiss (filing nos. 7, 14, 23, 25, and 28) are taken under advisement.

6. The Clerk of the court is directed to set a pro se case management deadline with the following text: October 9, 2007: Deadline for Plaintiff to file a brief opposing Defendants' motions to dismiss.

September 19, 2007.                BY THE COURT:

                                   s/ Joseph F. Bataillon
                                   Chief United States District Judge