IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VICTORIO C. RIVERA, | ) | 4:07CV3180 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MEDICO GROUP (Medico | ) | |
| Insurance Co. and Medico Life | ) | |
| Insurance Company), STATE OF | ) | |
| OREGON, DR. ANGUS WEBBER, | ) | |
| LESTER STRINGER, VIOLA | ) | |
| STRINGER, DAVID WILSON, | ) | |
| SHERILL WILSON, TONY | ) | |
| WHISMAN, STEPHENIE L. | ) | |
| WHISMAN, GARY R. TESCH, and | ) | |
| JUDGE DON A. DICKEY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is pending before the court on several motions to dismiss filed by Defendants Medico Group, State of Oregon, Angus Webber, Lester Stringer, Viola Stringer (together, the "Stringers"), Tony Whisman, Stephenie L. Whisman (together, the "Whismans"), and Don Dickey ("Defendants"). (Filing Nos. 7, 14, 23, 25, 28, and 38.)[1] Also pending before the court are Plaintiff's motion for sanctions (filing no. 47), objection to order (filing no. 49), motion for summary judgment (filing no. 43), and motion for temporary restraining order (filing no. 41).

---

[1]The remaining Defendants David Wilson, Sherill Wilson, and Gary Tesch have not been served with summons as of the date of this order and therefore have not filed an answer or other responsive pleading.

## ***BACKGROUND***

Plaintiff filed his complaint in this matter on July 13, 2007. (Filing No. 1.) Thereafter, all Defendants who have been served with summons filed timely motions to dismiss. (Filing Nos. 7, 14, 23, 25, 28, and 38.) The primary arguments for dismissal are summarized as follows:

- Venue in this court is improper. (Defendants State of Oregon, Dickey, the Whismans, and the Stringers in filing nos. 7, 23, 25, and 38.)

- This court lacks personal jurisdiction over the Defendants. (Defendants State of Oregon, Dickey, Webber, the Whismans, and the Stringers in filing nos. 7, 23, 25, 28, and 38.)

- Plaintiff's complaint fails to state a claim upon which relief can be granted. (Defendant Medico Group in filing no. 14.)[2]

Plaintiff originally did not respond to Defendants' motions to dismiss. However, on its own motion, the court permitted Plaintiff additional time in which to respond. (Filing No. 44.) Plaintiff responded to Defendants' motions to dismiss on October 1, 2007. (Filing No. 46.) Despite the additional time, Plaintiff's response does not address the issues raised by Defendants in their motions to dismiss. Rather, the response sets forth additional allegations against the Stringers and their daughter relating to a parcel of real estate in Oregon. (*Id.*)

---

[2]Although some Defendants raise other arguments for dismissal not listed here, these three are the primary arguments. Because Defendants' motions to dismiss are granted on these three bases, and in the interest of efficiency, the court need not address every argument made by every Defendant.

The court relies on the allegations of the complaint in considering whether to grant Defendants' motions to dismiss. Summarized and condensed, Plaintiff's complaint alleges that venue is proper is because Defendant Medico Group is headquartered in Nebraska, because the "source of the action originated from" this District, and because Plaintiff has been barred from filing papers in the District of Oregon. (*Id.* at ¶ 2.) Further, Plaintiff alleges that jurisdiction in this court is proper under 28 U.S.C. §§ 1331 and 1343 and other statutory provisions. (*Id.* at ¶1.)

For purposes of resolving the pending motions to dismiss, the court need not summarize all of specific allegations against each Defendant. Suffice it to say that the only allegation relating to Nebraska, other than vague references to the Nebraska Constitution, is the statement of venue set forth above. (*Id.* at ¶ 2.) Plaintiff's allegations generally relate to medical treatment he received in Oregon, termination of his employment in Oregon, denial of health insurance coverage in Oregon, real estate matters relating to property bought, sold, and located in Oregon, incarceration and contempt of court proceedings in Oregon, and vague allegations of various conspiracies and "corruptions in the Judicial System." (*See generally,* Filing No. 1.)

## *ANALYSIS*

I.   Motions to Dismiss for Improper Venue.

In a diversity of citizenship action or a federal question action, venue is proper:

[O]nly in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

-3-

28 U.S.C.A. § 1391(a) and (b).

Further, "once a defendant raises the issue of proper venue by motion, the burden of proof is placed upon the plaintiff to sustain venue." *Beckley v. Auto Profit Masters, L.L.C.*, 266 F. Supp. 2d 1001, 1003 (S.D. Iowa 2003) (citing *Cohen v. Newsweek, Inc.*, 312 F.2d 76, 78 (8th Cir. 1963) and 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3826 (1986)).   In determining whether venue is proper, all well-plead "allegations in the complaint bearing on the venue question generally are taken as true, unless contradicted by the defendant's affidavits." *Intercoast Capital Co. v. Wailuku River Hydroelectric Ltd. Partnership*, 2005 WL 290011, *5 (S.D. Iowa Jan. 19, 2005) (quoting 5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1352 (2004)).   Further, a district court may examine facts outside the complaint to determine whether its venue is proper.  (*Id.*)

In this case, Plaintiff alleges that venue is proper in the District of Nebraska because Defendant Medico Group is headquartered in Nebraska, because the "source of the action originated from" this District, and because Plaintiff has been barred from filing papers in the District of Oregon.  (Filing No. 1 at ¶ 2.)  All Defendants except Medico Group have moved to dismiss on the basis that venue in the District of Nebraska is improper.   Defendants have properly raised the issue by motion; therefore, the burden to sustain venue in the District of Nebraska is Plaintiff's.

In reviewing Plaintiff's complaint carefully and construing it in the light most favorable to Plaintiff, the court finds that venue in this District is improper.  Under 28 U.S.C. §§ 1391(a)(1) and (b)(1), venue is proper where "any defendant resides, *if all defendants reside in the same State*." *Id.* (emphasis added).  Although Plaintiff alleges that Medico Group is headquartered in Nebraska, not all Defendants reside in Nebraska.  Nowhere in Plaintiff's complaint does he allege that all Defendants reside in Nebraska.  The motions to dismiss and supporting documents filed by the

parties indicate that every other Defendant resides in Oregon.  Therefore, all Defendants do not reside in the same state and venue is improper under this section.

Further, venue may be proper under 28 U.S.C. §§ 1391 (a)(2) and (b)(2) in a district where "a substantial part of the events or omissions giving rise to the claim occurred" or where "a substantial part of property that is the subject of the action is situated."  *Id.*  Plaintiff alleges that venue is proper under this section because "the source of the action originated from" the District of Nebraska.  (Filing No. 1 at ¶ 2.)  Again, other than an allegation that Defendant Medico Group is headquartered in Nebraska, there is not a single factual allegation that relates to Nebraska and no allegations supporting the statement that the "action originated from" Nebraska.  To the contrary, the bulk of Plaintiff's claims relate only to events and real estate in Oregon.  Therefore, venue is not supported by this portion of the statute.

Finally, under 28 U.S.C. §§ 1391(a)(3) and (b)(3), venue is proper in a district "in which any defendant is subject to personal jurisdiction . . . ***if there is no district in which the action may otherwise be brought***."  *Id.* (emphasis added).  Here, Plaintiff alleges that he was "forbidden from filing" documents in the District of Oregon without leave of court.  (Filing No. 1 at ¶ 2(c).)  This allegation is supported by the District of Oregon's Pre-Filing Review Order, as explained below.  However, even though the District of Oregon requires Plaintiff to first obtain leave of court to ensure that his filings are not vexatious or harassing, an action may still be brought in that District.  Therefore, venue is not supported by sections (a)(3) and (b)(3).

Because venue is improper in the District of Nebraska under 28 U.S.C. §§ 1391(a)(1-3) and (b)(1-3), Defendants State of Oregon, Dickey, the Whismans, and the Stringers' motions to dismiss (filing nos. 7, 23, 25, and 38) are granted.  All claims against these Defendants are dismissed without prejudice to reassertion in the proper venue.

II.    Motions to Dismiss for Lack of Personal Jurisdiction.

Defendants State of Oregon, Dickey, Webber, the Whismans, and the Stringers claim that this court cannot constitutionally exercise personal jurisdiction over the plaintiff's claims against them.  *See* filing nos. 7, 23, 25, 28, and 38; *see also* Fed. R. Civ. P 12(b)(2).  A plaintiff need only make a prima facie showing of jurisdiction to defeat a motion to dismiss for lack of personal jurisdiction. *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003). *See also St. Paul Fire and Marine Ins. Co. v. Courtney Enters., Inc.*, 270 F.3d 621, 623 (8th Cir. 2001) (citing *Dakota Indus., Inc. v. Dakota Sportswear, Inc.,* 946 F.2d 1384, 1387 (8th Cir. 1991)). However, once personal jurisdiction has been controverted or denied, the plaintiff has the burden of submitting admissible evidence to support personal jurisdiction over the defendants, and cannot rely on the bare pleadings alone. *Aaron Ferer & Sons Co. v. Diversified Metals Corp.*, 564 F.2d 1211, 1215 (8th Cir. 1977) (citing *Block Indus. v. D. H. J. Indus., Inc.*, 495 F.2d 256, 259 (8th Cir. 1974).

Due process requires sufficient "minimum contacts" between the defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Porter v. Berall*, 293 F.3d 1073, 1075 (8th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In each case there must be some act by which the defendant purposefully availed itself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of that state's laws. *Epps*, 327 F.3d at 647-48 (citing *Hanson v. Denckla,* 357 U.S. 235, 253 (1958).  These contacts with the forum state must be more than "random, fortuitous, or attenuated."  *Epps*, 327 F.3d at 648 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).  In assessing the sufficiency of the contacts, the court considers:

(1) the nature and quality of contacts with the forum state;
(2) the quantity of such contacts;

-6-

(3) the relation of the cause of action to the contacts;
(4) the interest of the forum state in providing a forum for its residents; and
(5) the convenience of the parties.

*Epps*, 327 F.3d at 648 (citing *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996) (citing *Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983)).

Defendants State of Oregon, Dickey, Webber, the Whismans, and the Stringers all argue that this court lacks personal jurisdiction over them because Plaintiff failed to allege any contacts, let alone "minimum contacts," between the forum state (Nebraska) and these Defendants. The court agrees. All of the allegations against these Defendants allege actions which occurred in Oregon or regarding property in Oregon. Because lack of personal jurisdiction has been properly raised by these Defendants, it is Plaintiff's burden to submit evidence supporting jurisdiction. Plaintiff has not done so. There is nothing in the complaint, or in *any* filing submitted by Plaintiff in this litigation, that alleges a single contact between these Defendants and the State of Nebraska. All of the claims against Defendants State of Oregon, Dickey, Webber, the Whismans, and the Stringers are therefore dismissed without prejudice because this court lacks personal jurisdiction over the claims against them.

III.   Motions to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted.

A plaintiff has an obligation to make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). Further, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. Where a plaintiff has not

stated enough facts to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.* at 1974.

Medico Group has moved to dismiss pursuant to Rule 12(b)(6), stating that there is "not one actionable factual allegation against Medico." (Filing No. 15 at 1.) Indeed, Plaintiff's allegations against Medico Group consist of statements that Medico Group was "bribed" into "a conspiracy to deprive [Plaintiff] of his rights to petition the Government for redress of grievances, deprived of his right to freedom of movement, and deprived of his right to equal health protection." (Filing No. 1 at ¶ 9.) However, the only factual allegations contained in the complaint against Medico Group relate to Medico Group's refusal to renew Plaintiff's health insurance coverage. (*Id.* at ¶ 10.) Plaintiff simply restates several letters sent by Medico Group to Plaintiff which indicate that Medico Group will not renew his health insurance because Plaintiff failed to pay his premium on time and because of Plaintiff's medical conditions. (*Id.* at ¶¶ 10, 32-33.) Aside from these allegations, the remainder of Plaintiff's 78-paragraph complaint does not mention Medico Group or what actions, if any, Medico Group engaged in relating to any conspiracy.

There are no allegations in the complaint showing that Plaintiff is entitled to relief in this forum. Aside from reiterating the content of several letters which appear to decline to renew Plaintiff's health insurance coverage, there is not a single factual allegation which states a claim for constitutional violations, federal statutory violations, conspiracy, or any other claim against Medico Group. Although Plaintiff makes numerous statements regarding various "conspiracies" against Plaintiff, there are no plausible allegations regarding how Medico Group was involved in those alleged conspiracies. Because the court cannot say that Plaintiff's allegations against Medico Group cross the line from "conceivable to plausible," the claims must be dismissed.

IV.     Dismissal of Claims Against Remaining Defendants.

This case is very similar to that of *Stich v. Rehnquist*, 982 F.2d 88, 88-89 (2d Cir. 1992).  In that case, the plaintiff filed a complaint in the United States District Court for the Southern District of New York, generally alleging a vast conspiracy by the judicial system to "deprive him of his property." *Id.* at 88.  The complaint was similar to numerous others filed in the United States District Court for the District of California.  *Id.*  The District of California previously barred the plaintiff "from instituting new suits without leave of the court" and classified the plaintiff as a "vexatious litigant." *Id.*  The Southern District of New York dismissed the case for lack of venue on its own motion, stating that "all discernible factual allegations of the Complaint involve events that occurred in California" and that "neither the activities nor the parties alleged in this complaint have any relation to this district." *Id.* at 89.

Plaintiff admits that "he was forbidden from filing papers in court in the District of Oregon" without prior approval of that forum.  (*Id.* at ¶ 2 (c).)  Indeed, the court takes judicial notice of the April 6, 1999 "Order Containing Pre-Filing Review Order" in Case No. 98-6256-TC, filed in the United States District Court for the District of Oregon.  (Filing No. 180 in that action.)  In that order, which has been followed in the numerous cases filed by Plaintiff since that time, the District of Oregon instituted a pre-filing review of all cases filed by Plaintiff in the District of Oregon.  (*Id.* at 4.)  In particular, because of the "harassing nature of plaintiff's filings" against many of the same Defendants as this Nebraska action, Plaintiff must certify before filing any complaint in the District of Oregon that he "has not previously brought an action against the same defendants alleging the same operative facts." (*Id.* at 7.)  The Pre-Filing Review Order applies only to cases filed within the District of Oregon.  The court is nevertheless aware of the order, even though it is not bound by it.

Plaintiff's situation here is very similar to that of *Stich*. Except for Medico Group having its principal place of business in Nebraska, none of the activities or the parties in the complaint have any relation to the District of Nebraska. All claims against all Defendants who have been served with summons are dismissed as set forth above. However, Defendants David and Sherrill Wilson and Gary R. Tesch have not been served with summons as of the date of this order. The court finds that extraordinary circumstances exist in this matter, and will dismiss all claims against the un-served Defendants on its own motion. For the reasons set forth in part I of this order, this court is not the proper venue for the claims against these three Defendants and will not force those Defendants to respond to Plaintiff's allegations in this court. Moreover, the court will not allow Plaintiff to bypass the District of Oregon's Pre-Filing Review Order by filing in this court without a proper basis to do so.

### PLAINTIFF'S PENDING MOTIONS

Because Plaintiff's complaint is dismissed in its entirety, the court denies all of Plaintiff's pending motions. (Filing Nos. 41, 43, 47, and 49.) These motions are denied without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1.      The motions to dismiss filed by Defendants State of Oregon, Don A. Dickey (filing no 7), Angus Webber (filing no. 28), Lester and Viola Stringer (filing nos. 25 and 38), and Tony and Stephenie L. Whisman (filing no. 23) are granted in accordance with memorandum and order. All claims in the complaint against these Defendants are dismissed without prejudice to reassertion in the proper forum.

2.      Medico Group's motion to dismiss is granted. The claims against Medico Group are dismissed without prejudice.

-10-

3.     On the court's own motion, this action is dismissed against Defendants David Wilson, Sherill Wilson, and Gary R. Tesch, in accordance with this memorandum and order.  Service on these Defendants shall not proceed.

4.     The Clerk of the court is directed to send a copy of this memorandum and order to Defendants David and Sherill Wilson and Gary R. Tesch at the address supplied by Plaintiff on the summons forms.

5.     A separate judgment will be entered in accordance with this memorandum and order.

6.     Plaintiff's motion for sanctions (filing no. 47), objection to order (filing no. 49), motion for summary judgment (filing no. 43), and motion for temporary restraining order (filing no. 41) are denied without prejudice.

November 19, 2007.                    BY THE COURT:


                                      s/ Joseph F. Bataillon
                                      Chief United States District Judge